RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 3 /28/11

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| MARK K. CANNON (#08622-035) | DOCKET NO. 11-CV-93; SEC. P |
| VERSUS | JUDGE DEE D. DRELL |
| MARINA MEDINA, WARDEN | MAGISTRATE JUDGE JAMES D. KIRK |

### REPORT AND RECOMMENDATION

Pro se petitioner Mark K. Cannon filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2241. Petitioner is in the custody of the Federal Bureau of Prisons, and is incarcerated at the United States Penitentiary in Pollock, Louisiana (USP-P). He challenges the manner in which the Bureau of Prisons is computing his sentence, and he seeks a speedier release from custody.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the petition be **DENIED AND DISMISSED**.

### Background

Petitioner was charged by state and federal officials with various carjacking offenses related to a 1993 carjacking committed by Petitioner and three other defendants[1]. Petitioner pled guilty

---

[1] On appeal, the Fifth Circuit noted that, although Petitioner was the youngest of the four defendants, "testimony showed that he has limited insight, a poor family situation, a low I.Q., and tends to be a follower not a leader," those factors did not require consideration by the Court. U.S. v. Cannon, 47 F.3d 425 (5th Cir. 1995).

in both courts. He was sentenced in federal court on June 16, 1994 to 300 months of imprisonment. See U.S. v. Cannon, 5:94-cr-50022 (WDLA). He was sentenced in state court on June 24, 1994, to four concurrent thirty year sentences. On July 15, 1994, the district court issued an order that the 300 month federal sentence would run concurrent to any sentence imposed by the State of Louisiana arising out of the same event. Id. at Doc. #37.

Plaintiff received credit toward his **state** sentence from the date of his arrest, July 20, 1993, until the date he was paroled into federal custody on December 1, 2008. Petitioner received credit toward his **federal** sentence from the date that sentence was imposed, June 16, 1994. Thus, there is a period of time Petitioner was incarcerated (July 20, 1993 - June 15, 1994) for which he did not receive credit toward his federal sentence. Petitioner claims that he is entitled to federal credit for the time served prior to his federal sentencing. [Doc. #1]

## Law and Analysis

### 1. Prior Custody Time Credit Rule

"The Attorney General, through the [BOP], determines what credit, if any, will be awarded to prisoners for time spent in custody prior to the commencement of their federal sentences." Leal v. Tombone, 341 F.3d 427, 428 (5th Cir. 2003)(citing United States v. Wilson, 503 U.S. 329, 331-32, 334 (1992)). For offenses committed after November 1, 1987, prior custody credit is governed

2

by 18 U.S.C. §3585(b), which provides in relevant part:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences-
>
> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> **that has not been credited against another sentence.**

18 U.S.C. § 3585(b)(emphasis added). In other words, federal inmates are not entitled to "double-credit" toward both state and federal sentences for time spent in **pre-sentence custody**. See id.

In the captioned case, the time that Petitioner spent in "pre-sentence custody" was credited to his state sentence. According to the general rule of Section 3585(b), Petitioner is not entitled to have that time credited to his federal sentence, as well.

2. **Exception to Pre-Sentence Credit Rule**

The Fifth Circuit recognized an exception to the aforementioned prior custody rule in Willis v. United States, 438 F.2d 923 (5th Cir. 1971). The except to the general rule applies when an inmate is serving concurrent federal and state terms *with a state full-term date that is equal to or less than the federal full-term date*. When this exception applies, an inmate *is* entitled to receive Willis credit toward his federal sentence for all pre-sentence, non-federal custody that occurs on or after the date

3

of the federal offense until the date that the first sentence (state or federal) begins. See BOP Program Statement 5880.28, Sentence Computation Manual, 7/19/99, p. 1-22 (recognizing the Willis exception). In this case, Petitioner's state term date was thirty years, while his federal term date was 300 months, or twenty-five years. Thus, although Petitioner was serving concurrent federal and state terms, his state full-term date (30 years) **was not equal to or less than** the federal full-term date (25 years). Therefore, the Willis exception is not applicable.

For the forgoing reasons, **IT IS RECOMMENDED** that the Petition for Writ of Habeas Corpus be **DENIED** as Petitioner's sentence was not improperly calculated.

### *Objections*

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN**

**FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UN-OBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED in chambers, in Alexandria, Louisiana, on this 28th day of March, 2011.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE